**Charles A. CHRISTJOHN, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 24, 2000.

Decided June 27, 2000.

Joseph P. Burt, Erie, for petitioner.

Susan M. Zeamer, Harrisburg, for respondent.

Before DOYLE, President Judge, FRIEDMAN, Judge, MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.

Charles A. Christjohn (the parolee) appeals from an order of the Pennsylvania Board of Probation and Parole (Board) dismissing his request for administrative relief as untimely. We affirm.

On May 4, 1998, the Board mailed an order to the parolee, recommitting him to a state correctional institution to serve twelve months backtime as a technical and convicted parole violator. The order informed the parolee that, to appeal the decision, he needed to file a request for administrative relief with the Board within thirty days of the order.

Counsel for the parolee mailed a request for administrative relief to the Board on behalf of the parolee. The request was postmarked by the United States Postal Service on June 3, 1998. The Board received the request on June 9, 1998. Because the Board did not receive the request within thirty days of May 4, 1998, the Board dismissed the request as untimely pursuant to 37 Pa.Code § 73.1(a)(1).[1]

---

1. The regulation at 37 Pa.Code § 73.1(a)(1)     states that an appeal must be received by the

On appeal to this court,[2] the parolee argues that the Board erred in dismissing his appeal as untimely, asserting that the Board should have applied the "prisoner mailbox rule" in this case. We disagree.

In *Smith v. Pennsylvania Board of Probation and Parole*, 546 Pa. 115, 683 A.2d 278 (1996), our supreme court held that a state appellate court shall consider a *pro se* prisoner's appeal to be filed when such appeal is deposited with prison officials or placed in the prison mailbox. The court offered the following rationale in support of its holding:

> The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30–day deadline. Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service (or a private carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it.

*Smith*, 546 at 121–22, 683 A.2d at 281 (quoting *Houston v. Lack*, 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). Since *Smith*, our supreme court has extended the "prisoner mailbox rule" to *all* appeals by *pro se* prisoners. *Commonwealth v. Jones*, 549 Pa. 58, 700 A.2d 423 (1997).

In this case, however, we are not dealing with a prisoner who sought to file an appeal without the aid of counsel. Instead, we have a situation where the parolee's counsel filed a request for administrative relief on behalf of the parolee. Thus, the "prisoner mailbox rule," and its underlying rationale, simply does not apply.

Accordingly, we affirm.[3]

Board within 30 days of the mailing date of the Board's order.

2. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

3. Whether there should be a "mailbox rule" for the filing of administrative appeals that is governed only by the date of the United States Postal Service postmark is a quarrelsome issue.

Indeed, we note that administrative agencies are inconsistent as to what constitutes the filing date of an administrative appeal. For example, an appeal is considered filed with the Unemployment Compensation Board of Review and the Workers' Compensation Appeal Board when the appeal is delivered *or* mailed to the agency. 34 Pa.Code §§ 101.82 and 111.3. If the appeal is mailed, the appeal date is determined from the United States Postal Service postmark. *Id.* Exceptions to hearing examiners' decisions are deemed filed with the Pennsylvania Labor Relations Board upon actual receipt *or* on the date deposited in the United States mail, as shown on a United States Postal Service Form 3817 Certificate of Mailing. 34 Pa.Code § 95.98. However, the filing date of an appeal to the Environmental Hearing Board, like the Board here, is determined *only* by the date of receipt, *not* the date of deposit in the mail or postmark. 25 Pa.Code § 1021.11.

This is no longer the day when people rely solely upon the United States Postal Service to deliver the mail within a prescribed time despite snow, sleet or freezing rain. Indeed, these days, people seem to rely more and more on private carriers to deliver important

**94**

## ORDER

AND NOW, this 27th day of June, 2000, the order the Pennsylvania Board of Probation and Parole, dated June 8, 1999, is affirmed.

items in a timely manner. Moreover, where possible, people are inclined to deliver documents to one another by fax or by some other electronic means.

Obviously, the legislature has taken steps to update our legal system by enacting Act 69 of 1999, the Electronic Transactions Act, which provides for the use and legal recognition of electronic signatures and records. Our supreme court also has taken progressive steps toward modernizing archaic rules of procedure by adopting Rule 205.4 of the Pennsylvania Rules of Civil Procedure, which provides for the electronic filing of legal papers, and has addressed the unique position of *pro se* prisoners in *Smith* and *Jones*. Because rights may be jeopardized and people prejudiced by the inability of the "mail train" to get through, it is incumbent upon administrative agencies to follow suit and address the filing of appeals in a meaningful way, based on today's realities.