# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Luis Gonzalez,                        :
                    Petitioner            :
                                          :
           v.                             : No. 784 C.D. 2015
                                          : Submitted: November 25, 2015
Pennsylvania Board of                     :
Probation and Parole,                     :
                    Respondent            :


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED


**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                         **FILED:  December 30, 2015**


Jose Luis Gonzalez (Petitioner) petitions for review of a determination of the Pennsylvania Board of Probation and Parole (Board) that dismissed as untimely his petition for administrative review challenging the Board's calculation of his maximum sentence date. Petitioner alleges that his appeal was untimely due to extraordinary circumstances involving breakdown in the administrative process and conduct of third parties beyond his control, and that he should therefore be allowed to proceed *nunc pro tunc*.

Petitioner is an inmate currently incarcerated at the State Correctional Institution at Smithfield, Huntingdon County, Pennsylvania.  Petitioner had been paroled in 2011.  (Supplemental Certified Record (R.) at 58, 2011 Board Parole Order.)  In May 2012, the Board issued an order recommitting Petitioner as a

technical parole violator to serve nine months backtime. (R. at 73-74, 5/22/12 Notice of Board Decision.) On July 10, 2014, the Board issued a decision, mailed to Petitioner on August 8, 2014, recommitting him as a convicted parole violator, imposing 24 months backtime to be served concurrently, and changing Petitioner's maximum sentence date to May 13, 2016. (R. at 110-111, 8/8/14 Notice of Board Decision.) Petitioner filed *pro se* requests for administrative relief with the Board, dated August 12, 2014, and August 26, 2014, challenging this decision, including the Board's calculation of his maximum sentence date. (R. at 118-119, 8/12/14 Letter; R. at 122-150, 8/26/14 Request for Administrative Relief.)

On February 27, 2015, the Board mailed a Notice of Decision notifying Petitioner that it had issued a decision on January 21, 2015 changing Petitioner's maximum sentence date to March 2, 2016. (R. at 117, 2/27/15 Notice of Board Decision.) The Board also notified Petitioner by letter mailed February 27, 2015, that his August 2014 requests for administrative relief were dismissed as moot because of that recalculation decision, noting that "[p]rior to reviewing your request, an error was discovered that changed your sentence calculation." (R. at 151, 2/27/15 Letter.) On April 2, 2015, an attorney with the Huntingdon County Office of Public Defender representing Petitioner mailed a petition for administrative review to the Board, which the Board received on April 6, 2015, challenging the Board's recalculation of Petitioner's maximum sentence date. (R. at 152-153, 4/6/15 Request for Administrative Review.) On April 28, 2015, the Board dismissed this petition for administrative review as untimely. (R. at 154,

2

Board Dismissal Letter.)  This appeal followed.[1]  The only issue for our review is whether the Board properly dismissed Petitioner's petition as untimely.

As Petitioner admits in his brief to this Court (Petitioner's Br. at 12), a petition for administrative review must be filed within 30 days of the mailing date of the Board's determination and will ordinarily be dismissed as untimely if not filed within that 30-day period. 37 Pa. Code § 73.1(b)(1); *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013); *Cadogan v. Pennsylvania Board of Probation and Parole*, 541 A.2d 832, 833-34 (Pa. Cmwlth. 1988).  However, where a delay not attributable to the inmate, such as the intervening negligence of a third party or a breakdown in the administrative process, causes a petition for administrative review be filed beyond the 30-day deadline, *nunc pro tunc* relief is warranted, and the Board must consider the petition on the merits despite its untimeliness, provided that the document was filed within a short time period after the deadline and there is no prejudice to the Board from the delay.  *Smith*, 81 A.3d at 1094 & n.4; *Larkin v. Pennsylvania Board of Probation and Parole*, 555 A.2d 954, 957-58 (Pa. Cmwlth. 1989).

Because the Board's Notice of Decision was mailed on February 27, 2015 and the 30th day, March 29, 2015, was a Sunday, the 30-day period for filing a petition for administrative review expired on March 30, 2015.  The petition for administrative review was filed April 6, 2015,[2] beyond that deadline.  Petitioner,

---

[1] This Court's scope of review is limited to a determination of whether the necessary findings of fact are supported by substantial evidence, whether an error of law was committed, and whether any constitutional rights of the parolee have been violated.  *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1093 n.1 (Pa. Cmwlth. 2013).

[2] The Board's regulations require that the petition for administrative review be received by the Board on or before the 30th day and this requirement applies to filings by counsel.  37 Pa. Code **(Footnote continued on next page…)**

3

however, argues that he sent a letter to the Huntingdon County Office of Public Defender on March 19, 2015 requesting legal assistance in challenging the Board's 2015 recalculation of his maximum sentence date, and that the Huntingdon County Office of Public Defender did not receive this letter until April 1, 2015. (Petitioner's Br. at 9-10, 13.)

Those allegations, if proven, would constitute grounds for *nunc pro tunc* relief. Indigent inmates are entitled to the assistance of counsel in appealing decisions to the Board. *Smith*, 81 A.3d at 1093 n.2; *Larkin*, 555 A.2d at 956; *Blair v. Pennsylvania Board of Probation and Parole*, 518 A.2d 899, 900-01 (Pa. Cmwlth. 1986). Although it is the responsibility of the inmate to request counsel, *Snipes v. Pennsylvania Board of Probation and Parole*, 527 A.2d 1080, 1081-1082 (Pa. Cmwlth. 1987), where an inmate sends a letter to the appropriate public defender office requesting assistance in sufficient time for the public defender to timely file a petition for administrative review or other appeal and delays beyond the inmate's control cause the filing to be late, *nunc pro tunc* relief should be granted. *Smith*, 81 A.3d at 1092, 1094-95 (holding that inmate who requested information from staff member on how to file for administrative relief 12 days before filing deadline could be granted *nunc pro tunc* relief if his confinement

---

**(continued…)**

§ 73.1(b)(1); *Christjohn v. Pennsylvania Board of Probation and Parole*, 755 A.2d 92, 93 (Pa. Cmwlth. 2000). The timeliness of the petition for administrative review, which was filed by Petitioner's counsel, is therefore measured by the date that it was received by the Board, April 6, 2015. As discussed below, however, the timeliness of *pro se* mailings by inmates is governed by the prisoner mailbox rule, under which the document is considered filed on the date that the inmate delivered it to prison authorities or placed it in the prison mailbox, regardless of when it is received by the Board. *Sweesy v. Pennsylvania Board of Probation and Parole*, 955 A.2d 501, 502 (Pa. Cmwlth. 2008); *Pettibone v. Pennsylvania Board of Probation and Parole*, 782 A.2d 605, 607-08 (Pa. Cmwlth. 2001).

4

conditions prevented him from obtaining material necessary to contact counsel or file *pro se* appeal and noting that *nunc pro tunc* relief is proper where inmate timely sent request to counsel but counsel failed to timely file); *Larkin*, 555 A.2d at 957-58 (ordering Board to hear untimely administrative appeal *nunc pro tunc* if inmate showed that he wrote to public defender sufficiently in advance of expiration of appeal period to permit timely appeal but attorney failed to timely file); *Blair*, 518 A.2d at 900-01 (granting petition to appeal *nunc pro tunc* where appeal was untimely because public defender office responsible for representing inmate was timely notified of need to file appeal but instead told inmate to file *pro se*). A request mailed to counsel 11 days before the expiration of the filing deadline is sent in sufficient time to permit a timely appeal. A request by Petitioner to the Huntingdon County Office of Public Defender for legal assistance is made to the appropriate public defender office, as Petitioner was incarcerated in Huntingdon County. *Passaro v. Pennsylvania Board of Probation and Parole*, 424 A.2d 561 (Pa. Cmwlth. 1981) (*en banc*).

If it is shown that a letter requesting counsel was properly addressed and placed in the prison mail on March 19, 2015, a delay of 13 days in the delivery of that request, resulting in receipt by counsel after the appeal deadline had expired, would constitute a delay beyond the inmate's control that caused the filing to be late. While delay in mail delivery does not constitute grounds for *nunc pro tunc* relief outside the prison context, *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001), an inmate does not have the same ability as those in the general population to take steps that ensure that his mailings are timely delivered and therefore cannot be held responsible for delay in delivery of a properly addressed document after the inmate placed it in the prison mail. *Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa.

5

Cmwlth. 2014) (document mailed by inmate is considered filed on the date inmate placed it in prison mail under prisoner mailbox rule because inmate cannot monitor his mailings or file in person to ensure timely delivery); *Pettibone v. Pennsylvania Board of Probation and Parole*, 782 A.2d 605, 607-08 (Pa. Cmwlth. 2001) (same). Moreover, if it is shown that Petitioner mailed the request to counsel on March 19, 2015, grounds for *nunc pro tunc* relief would exist regardless of whether the delivery was delayed in the mail. Failure of counsel to timely file after receiving the inmate's request with sufficient time before expiration of the deadline constitutes third-party negligence not attributable to the inmate, and therefore is also grounds for allowing an otherwise untimely administrative appeal. *Larkin*, 555 A.2d at 957-58.

The Board argues that the untimeliness was caused by Petitioner, rather than by events beyond his control, because Petitioner admits that he did not request counsel until March 19, 2015. We do not agree. As noted above, March 19, 2015 was well inside the appeal period and a request for counsel sent on that date would have permitted a timely appeal absent other events beyond Petitioner's control, such as undue delay of the mails or undue delay by counsel. The mere fact that Petitioner could have requested counsel earlier is not the issue. Where there is substantial delay beyond the inmate's control and the filing would have been timely without that delay, the fact the inmate could have acted more promptly does not preclude allowing an administrative appeal to proceed *nunc pro tunc*. *Smith*, 81 A.3d at 1092, 1094-95 (inmate could be granted *nunc pro tunc* relief even though he had notice of the 30-day deadline and did not request information on how to file for administrative relief until 18 days after decision); *see also Calcagni v. Pennsylvania Board of Probation and Parole*, 582 A.2d 1141, 1143 (Pa.

6

Cmwlth. 1990) (where notice was not properly sent, fact that counsel could have timely filed by using overnight or hand delivery did not bar *nunc pro tunc* relief).[3]

We cannot, however, grant Petitioner *nunc pro tunc* relief on this record. No evidence or findings on when Petitioner sent his request for counsel appear in the record. Where, as here, the facts supporting a request for *nunc pro tunc* appeal have not been established by presentation of evidence and findings based on that evidence, this Court cannot resolve the issue and must remand the case to the Board for an evidentiary hearing to determine those facts. *Smith*, 81 A.3d at 1095; *Larkin*, 555 A.2d at 957-58. Accordingly, this Court vacates the Board's order and remands Petitioner's case to the Board for the Board to hold a hearing on when Petitioner sent his request for counsel to assist him in filing an administrative appeal from the recalculation of his maximum sentence date set forth in the February 27, 2015 Notice of Decision. If, after conducting an

---

[3] The Board also argues that Petitioner's appeal should be denied because Petitioner's counsel did not submit evidence of the reason for the untimeliness to the Board. While counsel should have requested *nunc pro tunc* relief from the Board and submitted the basis for that request to the Board, *see Smith*, 81 A.3d at 1092-93, we do not believe that this failure by Petitioner's counsel precludes all relief here. The Board strenuously contends in this appeal that Petitioner's failure to request counsel earlier than March 19, 2015 as matter of law bars *nunc pro tunc* relief and does not dispute Petitioner's assertion that he sent his letter to counsel on that date. (Respondent's Br. at 5, 7, 10-11.) Given the legal position taken by the Board, submission of evidence to the Board and requesting *nunc pro tunc* relief from the Board would not have altered the Board's decision or avoided this appeal. Petitioner has gained no strategic advantage from counsel's failure to bring his request and evidence before the Board; as discussed below, he must still establish the facts supporting *nunc pro tunc* relief in an evidentiary hearing before the Board and counsel's failure has only delayed the administrative relief that he seeks. Moreover, this Court has addressed whether *nunc pro tunc* relief should be granted and remanded in other cases where such relief may be appropriate, despite the failure of the inmate's counsel to make a record before the Board. *Larkin*, 555 A.2d at 956, 958; *Lewis v. Pennsylvania Board of Probation and Parole*, 508 A.2d 644 (Pa. Cmwlth. 1986).

evidentiary hearing, the Board concludes that Petitioner placed a request for counsel properly addressed to the Huntingdon County Office of Public Defender in the prison mail on March 19, 2015 or on some other date sufficiently in advance of March 30, 2015 to permit counsel to file a timely petition for administrative review, the Board shall permit Petitioner to proceed *nunc pro tunc*, and shall decide the merits of the petition for administrative review.

**JAMES GARDNER COLINS, Senior Judge**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Luis Gonzalez,           :
        Petitioner       :
                        :
      v.             : No. 784 C.D. 2015
                        :
                        :
Pennsylvania Board of       :
Probation and Parole,       :
        Respondent    :

## O R D E R

AND NOW, this 30th day of December, 2015, the order of the Pennsylvania Board of Probation and Parole mailed April 28, 2015, which dismissed Jose Luis Gonzalez's petition for administrative review as untimely, is VACATED and this case is REMANDED to the Board to conduct an evidentiary hearing to determine whether Petitioner has shown grounds for *nunc pro tunc* relief.  If, after conducting an evidentiary hearing, the Board concludes that Petitioner placed a request for counsel properly addressed to the Huntingdon County Office of Public Defender in the prison mail on March 19, 2015 or on some other date sufficiently in advance of March 30, 2015 to permit filing petition for administrative review by that date, the Board shall permit Petitioner to proceed *nunc pro tunc*, and shall decide the merits of the petition for administrative review.

      Jurisdiction relinquished.

 

_____
**JAMES GARDNER COLINS, Senior Judge**