# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard D. Beaver, : 
              Petitioner : 
               : 
         v. : No. 975 C.D. 2019
            : Submitted: June 5, 2020
Pennsylvania Board of : 
Probation and Parole, : 
             Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: August 26, 2020

Richard D. Beaver, an inmate at the State Correctional Institution at Mercer (SCI-Mercer), petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board)[1] denying his administrative appeal as untimely. Beaver asserts that he filed the administrative appeal within the 30-day deadline. He further asserts that the Board erred in recalculating his maximum sentence date. Upon review, we vacate the Board's order and remand the matter for further proceedings.

On September 15, 2012, Beaver was found guilty of aggravated assault and sentenced to a minimum sentence of two years to a maximum of five years. On March 16, 2015, Beaver was paroled. On August 8, 2015, the Board recommitted

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

Beaver as a technical parole violator and extended his maximum sentence date of September 15, 2017, to October 16, 2017, to account for the 31 days from July 8, 2015, to August 8, 2015, that he was delinquent. Certified Record at 41 (C.R.__). The Board did not forfeit the 114 days of street time that Beaver spent in good standing from March 16, 2015, to July 8, 2015.

On October 22, 2015, Beaver was reparoled. On October 27, 2017, Beaver was convicted of robbery and sentenced to serve 4 to 10 years in state prison. On February 1, 2018, the Board recommitted Beaver as a convicted parole violator to serve his unexpired term of 1 year, 6 months, and 29 days on his 2012 sentence and recalculated his maximum sentence date to July 23, 2019. In doing so, the Board credited Beaver's sentence for the 259 days he was incarcerated from February 10, 2017, to October 27, 2017. The Board forfeited the 114 days of street time it had previously awarded him in connection with his recommitment as a technical parole violator. C.R. 162. The Board's decision was mailed on February 9, 2018, and it advised Beaver that he had 30 days from the mailing date to file a timely request for administrative review.

On March 11, 2019, Beaver sent the Board an "inquiry concerning lack of response to my Administrative Remedies Form, mailed on March 5, 2018." C.R. 168. According to Beaver, the March 5, 2018, administrative remedies form challenged the Board's authority to forfeit the 114 days of street time that he spent in good standing during the parole period that preceded his recommitment as a technical parole violator and the Board's failure to give Beaver credit for all periods of incarceration on his sentence from February 8, 2017, to February 9, 2018. The March 11, 2019, inquiry letter cited *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401, 420 (Pa. Cmwlth. 2019), *appeal denied*, 228 A.3d 254

2

(Pa. 2020), in which this Court held that when the Board recommits a convicted parole violator, it cannot revoke sentence credit that the parolee had been granted in a prior recommitment as a technical parole violator.[2]

Receiving no response, Beaver sent another letter on May 2, 2019, titled "amended administrative remedies request due to [the Board's] failure to respond to initial request of March 5, 2018, and subsequent follow-up of March 22, 2019." C.R. 175. The letter again challenged the Board's failure to award Beaver credit for his street time and raised a new issue that the Board failed to hold the revocation hearing within the 120-day time period required by Section 71.4(1)(i) of its regulations, 37 Pa. Code §71.4(1)(i).

On June 24, 2019, the Board dismissed Beaver's request for administrative review as untimely. The Board contended that it did not receive Beaver's request within 30 days of the mailing date of its decision, and there was no indication that Beaver submitted the petition to prison officials for mailing during that time period. Board Adjudication, 6/24/2019, at 1.

Beaver filed a petition for review with this Court,[3] arguing that the Board erred in dismissing his petition for administrative review as untimely. On January 13, 2020, Beaver filed an application for relief asking this Court to remand the matter to the Board to determine the timeliness of his petition for administrative review, in which he asserts that he timely mailed his petition to the Board on March

---

[2] Subsequently, in *Passarella v. Pennsylvania Board of Probation and Parole*, 217 A.3d 919 (Pa. Cmwlth. 2019), this Court held that the new rule of law announced in *Penjuke* applied to cases pending on appeal at the time of the rule's announcement.

[3] Our review determines whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings of fact were supported by substantial evidence. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

5, 2018.[4] Beaver also contends that the Board erred in declining to award him street time credit and failed to articulate a sufficient reason for doing so pursuant to *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017).

Generally, in order for an administrative appeal to be timely filed, the appeal must be received by the Board prior to the expiration of the 30-day appeal period. 37 Pa. Code §73.1(b);[5] *Christjohn v. Pennsylvania Board of Probation and Parole*, 755 A.2d 92 (Pa. Cmwlth. 2000). In *Smith v. Pennsylvania Board of Probation and Parole,* 683 A.2d 278, 281 (Pa. 1996), the Pennsylvania Supreme Court held that a prisoner's *pro se* appeal of an agency decision to an appellate court "shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox." The Supreme Court reasoned that the mailbox rule was necessary to ensure fairness to *pro se* prisoners who cannot file their appeals in person and must "'entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers.'" *Id.* (citation omitted). Citing the Supreme Court's rationale in *Smith,* this Court extended the prisoner mailbox rule to a prisoner's *pro se* administrative appeal to the Board. *Pettibone v. Pennsylvania Board of Probation and Parole,* 782 A.2d 605, 607-08 (Pa. Cmwlth. 2001). The prisoner mailbox rule does not apply to administrative appeals that are filed by offenders who are represented by counsel. *Christjohn*, 755 A.2d at 93.

Here, the Board dismissed Beaver's petition for administrative review as untimely filed. Beaver claims, however, that he mailed the petition within the 30-

---

[4] By order of January 22, 2020, this Court ordered that Beaver's application be decided with the merits.

[5] Section 73.1(b) of the Board's regulations provides that an appeal or petition for administrative review of a revocation decision must be received within 30 days of the mailing date of the Board's order. 37 Pa. Code §73.1(b).

day appeal period and seeks the benefit of the prisoner mailbox rule. We cannot determine from the certified record whether Beaver filed his March 5, 2018, appeal *pro se* and, if so, the date on which Beaver placed his appeal of the Board's decision in the prison mailbox. As such, the Board must make an evidentiary record upon which an appellate court may review the Board's determination of untimeliness.

Accordingly, we vacate the Board's June 24, 2019, adjudication and remand this matter to the Board for a hearing to determine the timeliness of Beaver's request for administrative relief from the Board's February 9, 2018, decision.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard D. Beaver,                    :
                    Petitioner        :
                                      :
         v.                           :    No. 975 C.D. 2019
                                      :
Pennsylvania Board of                 :
Probation and Parole,                 :
                    Respondent        :

# **O R D E R**

AND NOW, this 26th day of August, 2020, the application for relief filed by Richard D. Beaver on January 13, 2020, is GRANTED. The order of the Pennsylvania Board of Probation and Parole (Board), dated June 24, 2019, in the above-captioned matter is VACATED, and this matter is REMANDED for the Board to make factual determinations in accordance with this opinion. The Board must issue a decision on the merits of the administrative appeal if it deems the appeal was filed timely.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge