555 A.2d 954

Alfred Larkin, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 11, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Eugene F. Taggart*, Assistant Public Defender, for petitioner.

*Timothy P. Wile*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, March 15, 1989:

Alfred Larkin (Petitioner) appeals from an order of the Pennsylvania Board of Probation and Parole (Board) dismissing his administrative appeal as untimely. Petitioner contends that he has been denied his right to effective assistance of counsel by virtue of the Board's refusal to hear his request for administrative relief and that he should be permitted to appeal the Board's order nunc pro tunc.

Petitioner, although diagnosed as suffering from pre-AIDS syndrome, admitted at his violation hearing that he had engaged in sexual relations with an adult partner while on parole. Petitioner testified at hearing that he had engaged in sexual intercourse with a consenting female partner who was fully aware of his medical condition. The Board thereafter recorded an order on April 25, 1988 recommitting Petitioner as a technical parole viola-

tor to serve his unexpired term of seventeen months and twenty-eight days. The Board concluded that Petitioner's sexual conduct constituted assaultive behavior in violation of condition 5(c) of his parole. The Board's decision was mailed to Petitioner and his counsel, an Assistant Public Defender in Delaware County's Office of the Public Defender, on May 13, 1988.

On June 21, 1988, Petitioner's counsel mailed to the Board an administrative appeal from the Board's April 25, 1988 order. Petitioner's administrative appeal, received by the Board on June 27, 1988, asserted that the Board committed an abuse of discretion and error of law. The Board by order of June 29, 1988 dismissed Petitioner's appeal as untimely as that appeal was received more than thirty days after the mailing date of the order being appealed. Under 37 Pa. Code §73.1(a)(1) and §73.1(b)(1), the Board is without jurisdiction to entertain the merits of an untimely appeal. Petitioner appealed to this Court for relief.[1]

Petitioner asserts that he sought the assistance of the Public Defender through an undated letter which announced his request for administrative relief and that his request arrived in the Public Defender's office "sometime before the expiration of the 30-day appeal period." Petitioner's Brief, p. 6. Petitioner's attorney, who counseled Petitioner during his violation hearing, asserts in Petitioner's brief that an assistant public defender was not assigned to Petitioner's case until June 13, 1988, one day after the lapse of the statutory appeals period. Petitioner

---

[1] This Court's scope of review of a Board recommitment decision is limited to a determination of whether necessary findings are supported by substantial evidence, whether the order is in accordance with law, and whether any constitutional rights of the parolee have been violated. *Zazo v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984); Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

contends that the apparent failure of the Public Defender's Office to appoint an attorney "more expeditiously" to assist Petitioner prejudiced his right to appeal. Additionally, Petitioner alleges that he has suffered a loss of his fundamental rights as a result of bureaucratic error by the Public Defender.

Indigent parolees are entitled to the assistance of counsel both at parole revocation hearings and in the prosecution of subsequent appeals as of right. *Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050 (1981). The right to effective assistance of counsel includes the right to assistance in the task of perfecting an appeal from a denial of administrative relief by the Board. *Id.* at 560, 421 A.2d at 1026.[2]

The failure of a defendant to take an appeal within the time allowed by law will preclude the assertion of such

---

[2] The U.S. Supreme Court stated in *Wolff v. McDonnell*, 418 U.S. 539, 559-560 (1974) that: "[f]ollowing the decision in Morrissey [*Morrissey v. Brewer*, 408 U.S. 471 (1972)], in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Court held the requirements of due process established for parole revocation were applicable to probation revocation proceedings. The Court added to the required minimum procedures of Morrissey the right to counsel where a probationer makes a request, 'based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; . . . Id., at 790, 93 S.Ct. at 1764.' "

This Court in *Blair v. Pennsylvania Board of Probation and Parole*, 102 Pa. Commonwealth Ct. 478, 481-482 n.1, 518 A.2d 899, 901 n.1 (1986) stated "that the entitlement of parolees to the assistance of effective counsel, including such assistance in perfecting appeals, is a matter either of constitutional rights, *see* Bronson, or of statutory rights created by Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. §9960.6(a) which requires that the public defender provide legal counsel to indigents in cases involving:

'(10) Probation and parole proceedings and revocation thereof; . . .' "

right unless the failure to do so has resulted from an unconstitutional deprivation of the assistance of counsel. *Commonwealth ex rel. Cunningham v. Maroney*, 421 Pa. 157, 159, 218 A.2d 811, 812 (1966). Petitioner has not waived his right to challenge the Board's recommitment order for failing to timely seek relief from that order if he has been deprived of effective assistance of counsel. Moreover, waiver of the ineffectiveness issue may not be imputed where hearing counsel and administrative appellate counsel are one and the same. *Vereen v. Pennsylvania Board of Probation and Parole*, 101 Pa. Commonwealth Ct. 63, 515 A.2d 637 (1986).

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that counsel made errors so serious that he was not functioning as guaranteed by law, and that the deficient representation prejudiced the Petitioner's defense. *LaCourt v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985). Petitioner contends that it was not his fault that he missed the thirty-day appeal period and that, therefore, he should now be permitted to appeal nunc pro tunc. If in fact the Petitioner did request his attorney to file an appeal, the failure to do so may have constituted ineffective assistance of counsel. And if the untimeliness of Petitioner's appeal were the result of some third party's intervening negligence, then an appeal nunc pro tunc under these circumstances would be appropriate. *See Helvy v. Pennsylvania Board of Probation and Parole*, 106 Pa. Commonwealth Ct. 487, 526 A.2d 1261 (1987); *Walker v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 116, 461 A.2d 346 (1983). A showing must be made that fraud, duress or coercion caused the delay and for appeal purposes, negligence on the part of administrative officials may be deemed to be the equivalent of fraud. *Branch v. Work-*

*men's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 374, 377, 393 A.2d 55, 57 (1978). The averment that an error occurred in the bureaucratic systems of the Office of the Public Defender has not been denied by that office.

Petitioner alleges that an evidentiary hearing should be allowed so that he may perfect his claim of ineffectiveness of counsel. In an evidentiary hearing, Petitioner bears the burden of showing counsel's ineffectiveness. *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985). Further, Petitioner would be afforded the opportunity to prove that his request for assistance was presented to the Office of the Public Defender at some time in sufficient advance of the end of the statutory appeals period to make it possible for his attorney to prepare a defense. The mere shortness of time in which counsel has to confer with Petitioner or prepare a defense does not per se constitute ineffective assistance of counsel. *LaCourt.*

The Board argues that continued representation of Petitioner by the Office of the Public Defender constitutes a conflict of interest. The Supreme Court, in *Commonwealth v. Fox,* 476 Pa. 475, 478-79, 383 A.2d 199, 200 (1978), has approached this subject as follows:

> This Court has previously held that it is unrealistic to expect trial counsel to argue his own ineffectiveness. Commonwealth v. Dancer, supra, 460 Pa. [95] at 100, 331 A.2d [435] at 438 [(1975)]. We have also held that a PCHA petitioner, represented by court-appointed counsel and alleging ineffective assistance of trial counsel, may not be represented by an attorney from the office with which the allegedly ineffective attorney was associated. Commonwealth v. Sherard, 477 Pa. [429], 384 A.2d 234 (1977); Commonwealth v. Wright,

473 Pa. [395] 398, 374 A.2d [1272] 1273 (1977). Commonwealth v. Via, supra, [455 Pa. 373, 316 A.2d 895 (1974)]. In neither case can it be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled.

As a general rule in criminal proceedings,[3] a public defender may not argue the ineffectiveness of another member of that office who represented a client at a previous stage in the proceedings. *Commonwealth v. Glaze,* 366 Pa. Superior Ct. 517, 531 A.2d 796 (1987). However, Petitioner's counsel claims his own ineffectiveness for failing to preserve a challenge to the Board's recommitment order of April 25, 1988. In this regard, the Supreme Court has mandated in *Commonwealth v. Gardner,* 480 Pa. 7, 11, 389 A.2d 58, 60 (1978) that:

> [w]hen an appellant raising ineffectiveness of retained trial counsel is represented on appeal by the same counsel, the proper procedure is to remand to permit him an opportunity to select new counsel not associated with trial counsel. The appellant, of course, need not acquire new counsel, for every person has a right to retain counsel of his choice. Commonwealth v. Robinson, 468 Pa. 575, 364 A.2d 665 (1976); Commonwealth v. Ross, 465 Pa. 421, 350 A.2d 836 (1976). But before an appellant decides to retain his counsel, he should be made aware of the dangers and possible disadvantages of proceeding with counsel he asserts is ineffective. Therefore, on remand, the

---

[3] The Board's parole revocation hearings are neither criminal proceedings nor are they conducted by the courts. Rather, they are civil administrative hearings, conducted by a Commonwealth administrative agency. *Gundy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 618, 478 A.2d 139 (1984).

court should inform the appellant of the facts necessary to ensure that his decision is knowing and intelligent.

Here, a review of the record reveals that the ineffectiveness issues are not sufficiently addressed in either Petitioner's or the Board's appellate brief. Deficiencies in the record render it impossible to determine if Petitioner's effectiveness of counsel claims have arguable merit. As the record is insufficient to resolve the issues, this Court must therefore reverse the Board's order and remand Petitioner's case to the Board for an evidentiary hearing to determine whether or not Petitioner was denied the effective assistance of counsel by virtue of his attorney's failure to file a timely appeal from the Board's recommitment order. Upon remand, the Board shall confirm Petitioner's desire to proceed in this matter with counsel from Delaware County's Office of the Public Defender. If it is determined by the Board that Petitioner has been deprived of the effective assistance of counsel and that this deprivation was occasioned through a breakdown of the administrative process or the intervening negligence of a third party, an appeal nunc pro tunc will lie, and the Board is then directed to hear the merits of Petitioner's administrative appeal.

ORDER

AND NOW, this 15th day of March, 1989, the Order of the Pennsylvania Board of Probation and Parole is reversed and this case is remanded to the Board to conduct an evidentiary hearing on the issue of the effectiveness of Petitioner's counsel consistent with this opinion.

Jurisdiction relinquished.