623 A.2d 381

**Edwin CRUZ, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 15, 1993.

Decided March 10, 1993.

Joseph J. Hylan, Asst. Public Defender, for petitioner.
Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before CRAIG, President Judge, McGINLEY, J., and WRIGHT, Senior Judge.

McGINLEY, Judge.

Edwin Cruz (Cruz) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from the Board's revocation decision recommitting Cruz as a technical and convicted parole violator.

On March 1, 1991, Cruz was paroled from a five-to-ten year sentence imposed as a result of a burglary conviction. On September 4, 1991, Cruz was arrested and charged with burglary. On October 10, 1991, Cruz was again arrested and charged with a new count of burglary. On February 4, 1992, Cruz was convicted of both burglary charges. At a violation hearing conducted on April 6, 1992, Cruz admitted that he violated two technical conditions of his parole: "leaving the district to which paroled without permission;" and "failure to notify the agent within 72 hours of an arrest." Notes of Testimony, April 6, 1992, at 4; Certified Record (C.R.) at 34. Cruz also admitted to the two February 4, 1992, burglary convictions. The Board recommitted Cruz to serve thirty months backtime as a result.

On July 7, 1992, Jamil Bey (Bey), an inmate at the State Correctional Institution at Graterford, filed a petition for administrative review on the behalf of Cruz. Bey alleged in the petition that "the 30 month backtime should commence to run from February 4, 1992, the date upon which Judge Nicholas imposed sentence." Request for Administrative Review (Petition), June 19, 1992, at 2; C.R. at 62. Bey request-

ed the Board to "recompute the computation of the credit given to ... [Cruz] and to give him the credit to which he is lawfully entitled." Petition at 3; C.R. at 63. The Board refused to consider the petition, concluding that 37 Pa.Code § 73.1(b) only permits the parolee or his attorney the right to file a petition for review.[1]

■ On appeal Cruz contends that the Board erred in dismissing his request for administrative relief pursuant to 37 Pa.Code § 73.1(b). Our scope of review of a recommitment decision is limited to determining whether necessary findings are supported by substantial evidence, whether the order is in accordance with law and whether any constitutional rights of the parolee have been violated. *Larkin v. Pennsylvania Board of Probation and Parole,* 124 Pa.Commonwealth Ct. 184, 555 A.2d 954 (1989).

37 Pa.Code § 73.1(b) provides:

(b) *Petitions for administrative review.*

(1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to the petition for administrative review.

Cruz contends the Board's interpretation that 37 Pa.Code § 73.1(b) authorizes only a parolee or his counsel to file a petition for administrative review denies him access to the courts and interferes with his right to seek assistance from other inmates. Cruz cites *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) in support of his position.

In *Avery* William Johnson, an inmate, was placed in disciplinary confinement and denied certain privileges because of

1. By order dated October 5, 1992, this Court appointed the Public Defender of Montgomery County to represent Cruz in the present appeal.

his violation of the Tennessee State Penitentiary's regulation prohibiting inmates from helping other inmates in preparing writs or other legal papers.[2] William Johnson filed "in the United States District Court for the Middle District of Tennessee a 'motion for law books and a typewriter,' in which he sought relief from his confinement in the maximum security building." *Id.* at 484, 89 S.Ct. at 748. The District Court treated his motion as a petition for a writ of habeas corpus and ordered his release from disciplinary confinement. The State of Tennessee appealed and the Court of Appeals reversed, concluding that the prison's regulation did not conflict with Johnson's federal right of habeas corpus.

On appeal the United States Supreme Court reversed the Court of Appeals, concluding that "until the State provides some reasonable alternative to assist inmates in the preparation of petitions for post conviction relief, it may not validly enforce a regulation ... barring inmates from furnishing such assistance to other prisoners." *Avery*, 393 U.S. at 490, 89 S.Ct. at 751.

Unlike the petitioner in *Avery*, an indigent parole violator in Pennsylvania has the statutory right to the assistance of legal counsel in filing a petition for administrative review. In *Blair v. Pennsylvania Board of Probation and Parole,* 102 Pa.Commonwealth Ct. 478, 518 A.2d 899 (1986) this Court stated that indigent parolees, as a matter of right, are entitled to the effective assistance of counsel at parole revocation hearings and in prosecuting subsequent appeals.

■ In the present controversy, Bey filed a timely petition with the Board requesting administrative review of the computation of Cruz's backtime. In the petition, Bey identified himself as a "paralegal for Petitioner Edwin Cruz." Cruz did

2. The prison regulation provided:
   No inmate will advise, assist or otherwise contract to aid another, either with or without a fee, to prepare Writs or other legal matters. When a man believes he is unlawfully held or illegally convicted, he should prepare a brief or state his complaint in letter form and address it to his lawyer or a judge.
   *Avery,* 393 U.S. at 484, 89 S.Ct. at 748.

not sign the petition and he was not represented by counsel.[3] As a result the petition is not in compliance with 37 Pa.Code § 73.1(b). The Board's regulation clearly did not deny Cruz access to the courts or assistance from other inmates.

Accordingly, the decision of the Board is affirmed.

## ORDER

AND NOW, this 10th day of March, 1993, the order of the Pennsylvania Board of Probation and Parole at Parole No. 7887–R, mailed August 21, 1992, is affirmed.

3. Cruz declined legal representation at the violation/revocation hearing as evidenced by the following:

Hearing Examiner Murielle Allison: Mr. Cruz ... you're having a violation/revocation hearing today as a result of technical parole violations and new criminal charges. I explained to you you have a right to have counsel present at this hearing. You wish to waive representation by counsel and have this hearing in front of me at this time. Is that correct?

Mr. Cruz: Yes.

N.T. at 3; C.R. at 33.