IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nakia William Garrus,                           :
                          Petitioner            :
                                                :
            v.                                  :
                                                :
Pennsylvania Board of Probation                 :
and Parole,                                     :      No. 198 C.D. 2020
                          Respondent            :      Submitted: October 30, 2020


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                      FILED: February 3, 2021


            Nakia William Garrus (Garrus) petitions this Court, pro se, for review of
the Pennsylvania Board of Probation and Parole's (Board)[2] January 28, 2020 order
denying his request for administrative relief. Garrus presents three issues for this
Court's review: (1) whether the Board erred by failing to grant him credit for the time
he spent at liberty on parole; (2) whether the Board erred by requiring him to serve his
new sentence consecutively to his original sentence; and (3) whether the Board erred
by altering his judicially imposed sentence. After review, we affirm.

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt
completed her term as President Judge.

[2] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and
Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of
December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and
6111(a) of the Prisons and Parole Code, 61 Pa.C.S. §§ 6101, 6111(a).

## Background

Garrus is currently an inmate at the State Correctional Institution (SCI) at Benner Township. *See* https://www.inmatelocator.cor.pa.gov (last visited February 2, 2021). On April 8, 2000, the Philadelphia County Common Pleas Court convicted Garrus of voluntary manslaughter, and sentenced him to 10 to 20 years of incarceration (Original Sentence). *See* Certified Record (C.R.) at 74. At the time of his conviction, Garrus's maximum release date was April 8, 2020.

On September 8, 2015, the Board paroled Garrus to a community corrections facility (CCF). *See id.* On February 23, 2016, the CCF discharged Garrus for failing to provide urine for a drug test. *See id.* In a decision recorded March 14, 2016 (mailed March 18, 2016), the Board recommitted Garrus as a technical parole violator (TPV) to serve 6 months' backtime for acting in an assaultive manner toward a parole officer during intake after his release from the CCF. *See* C.R. at 1.

On August 23, 2016, the Board reparoled Garrus. *See* C.R. at 75. On August 1, 2018, the Board issued an administrative action finding probable cause to believe Garrus had violated several parole conditions, but held the matter in abeyance pending Garrus's completion of recommended programs. *See* C.R. at 35. Ultimately, Garrus was declared delinquent effective September 14, 2018. *See* C.R. at 38. Garrus was ordered, as a special parole condition, to enter a "SELF-HELP" program and remain there until he was successfully discharged. C.R. at 36. Garrus never reported to the program. *See* C.R. at 49.

On October 21, 2018, the Cheltenham Township Police Department arrested Garrus for unsworn falsification to authorities, false identification to law enforcement, retail theft and receipt of stolen property (New Charges). *See* C.R. at 41-42. The Board lodged a detainer against Garrus that same day. *See* C.R. at 39. Garrus posted bail on the New Charges on October 29, 2018. *See* C.R. at 43. On November

5, 2018, the Board charged Garrus with a technical parole violation. *See* C.R. at 49. The Board held a parole violation hearing on November 16, 2018. *See* C.R. at 52. In a decision recorded January 14, 2019 (mailed January 16, 2019), the Board detained Garrus pending disposition of the New Charges, recommitted him as a TPV for 9 months for changing his residence without permission, and granted Garrus reparole after 6 months if he successfully completed prescribed programs. *See* C.R. at 64. On February 26, 2019, Garrus filed an administrative remedy form with the Board challenging the Board's January 14, 2019 decision recommitting him as a TPV.[3] *See* C.R. at 114.

On January 16, 2019, Garrus pleaded guilty to unsworn falsification to authorities and the remaining charges were *nolle prossed*. *See* C.R. at 67. The Montgomery County Common Pleas Court (Sentencing Court) sentenced Garrus to time served to 23 months (New Sentence). *See* C.R. at 68. The Board credited Garrus's Original Sentence for the time he spent incarcerated before posting bail, i.e., October 21, 2018 to October 29, 2018.

On April 4, 2019, the Board notified Garrus that it was charging him as a convicted parole violator (CPV), due to his new conviction. Garrus waived his rights to counsel and a revocation hearing. *See* C.R. at 71. By decision recorded May 15, 2019 (hand delivered May 17, 2019), the Board modified and deleted the reparole portion of its January 14, 2019 order. *See* C.R. at 102. The Board recommitted Garrus to serve 9 months' backtime as a TPV and 12 months' backtime as a CPV, for a total of 21 months' backtime. The Board based its backtime assessment on Garrus's poor adjustment under supervision, early failure of parole and reparole, failure to comply with sanctions, his declaration of delinquency and his prior parole failures.

---

[3] Garrus's administrative remedy form was deemed filed as of February 13, 2019. *See* C.R. at 114.

Accordingly, the Board deemed Garrus not amenable to parole supervision. The Board recalculated Garrus's Original Sentence maximum release date to April 13, 2022, but stated it was subject to change. *See* C.R. at 103.

On June 13, 2019, Garrus filed a second administrative remedies form challenging the Board's May 15, 2019 decision increasing his backtime in light of his designation as a CPV. *See* C.R. at 116. On June 20, 2019, Garrus filed a "Petition for Administrative Remedies" with the Board challenging both the Board's January 14, 2019 and May 15, 2019 decisions, and requesting that his Original Sentence maximum release date be recalculated because his backtime should be served concurrently with his New Sentence. C.R. at 118. Garrus further claimed that the Board erred by imposing 12 months of backtime when the presumptive range for unsworn falsification is 3 to 6 months. *See id.* On July 5, 2019, Garrus filed an "Administrative Appeal Letter," again claiming that the Board erred in recalculating his backtime and that he should be reparoled no later than October 21, 2019. *See* C.R. at 124-125.

On September 4, 2019, the Sentencing Court paroled Garrus from his New Sentence effective January 16, 2019, and Garrus began serving his Original Sentence. *See* C.R. at 105. By decision recorded on September 19, 2019 (mailed the same day), the Board restated its May 15, 2019 decision and added that Garrus would not receive credit for the time spent at liberty on parole because he previously absconded while under supervision. *See* C.R. at 108. The Board credited Garrus for the time he spent in pretrial custody solely on the Board's warrant from October 29, 2018, to January 16, 2019. *See* C.R. at 106. Thus, Garrus owed 1,183 days on his Original Sentence. The Board recalculated Garrus's Original Sentence maximum release date to November 30, 2022. *See id.*

On January 22, 2020, the Board issued a decision advising Garrus that, "DUE TO RECEIPT OF ADDITIONAL INFORMATION," it was rescinding its January 14,

4

2019 decision.[4]  *See* C.R. at 111.  As such, the Board modified its May 15, 2019 and September 19, 2019 decisions by removing all references therein to recommitting Garrus as a TPV.

By decision recorded January 23, 2020 (mailed January 24, 2020), the Board rescinded its January 22, 2020 decision due to missing information and modified its January 14, 2019, May 15, 2019, and September 19, 2019 decisions by removing Garrus's TPV recommitment.  *See* C.R. at 112.  The Board modified its September 19, 2019 decision to declare that Garrus was recommitted to an SCI to serve 12 months of backtime as a CPV.  Garrus's Original Sentence maximum release date remained November 30, 2022.

On January 28, 2020, the Board issued its response to Garrus's February 26, June 13 and June 20, 2019 requests for administrative relief, stating that it properly recalculated Garrus's Original Sentence maximum release date because Garrus received a new conviction and, as such, was found to be a CPV.  *See* C.R. at 137.  The Board, in its discretion, denied Garrus credit for the time he served at liberty on parole. Therefore, the Board declared that Garrus's Original Sentence maximum release date was properly calculated to include that time.

Concerning Garrus's claim that the imposition of 12 months' backtime for the new conviction of unsworn falsification exceeded the presumptive recommitment range, the Board acknowledged the presumptive range was 3 to 6 months.  *See* Section 75.2 of the Board's Regulations, 37 Pa. Code § 75.2.  However, the Board asserted that it may deviate from the presumptive range by providing a reason for so doing.  *See*

---

[4] In its brief, the Board explained that it rescinded the TPV recommitment decision because it learned that only one Board member had signed the decision (C.R. at 61) and at least two members must sign the decision for it to be valid.  *See* Board Br. at 7; *see also* Section 6113(b) of the Prisons and Parole Code, 61 Pa.C.S. § 6113(b) ("The [B]oard may make decisions on . . . revocation in panels of two persons.  A panel shall consist of one [B]oard member and one hearing examiner or of two [B]oard members.").

Section 75.1(c) of the Board's Regulations, 37 Pa. Code § 75.1. Here, the Board justified awarding backtime in the aggravated range based on Garrus's poor adjustment to supervision, early failure on parole, failure to comply with sanctions, prior parole violations, and declaration of delinquency. Additionally, the Board noted that its January 14, 2019 decision recommitting Garrus as a TPV was reversed by the Board's September 19, 2019 decision. Thus, only Garrus's recommitment as a CPV remains, including the Board's imposition of 12 months' backtime and its denial of credit for time Garrus spent at liberty on parole.

On February 5, 2020, Garrus appealed to this Court.[5] On April 3, 2020, Huntingdon County Public Defender Nicholas E. Newfield, Esquire (Counsel) filed an amended petition for review. On June 15, 2020, this Court vacated the appointment of Counsel based on Garrus's request to retain private counsel or proceed pro se. Thereafter, Garrus, pro se, filed an amended brief.

## Discussion

Garrus first claims that he did not lose his street time when he was recommitted as a TPV on January 14, 2019. However, on May 15, 2019, when he was deemed a CPV, his maximum sentence date was recalculated to April 13, 2022. *See* C.R. at 102.[6] Garrus argues that, pursuant to *Penjuke v. Pennsylvania Board of Probation & Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019), *appeal denied*, 228 A.3d 254 (Pa. 2020), the Board cannot revoke street time credit that was previously granted.

---

[5] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 115 n.9 (Pa. Cmwlth. 2020) (quoting *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013)).

[6] The Board recalculated Garrus's Original Sentence maximum release date in its September 19, 2019 decision to November 30, 2022.

Therefore, because he did not lose his street time as a TPV, the Board had no authority to revoke it later, when he was deemed a CPV.

The Board rejoins that *Penjuke* does not apply in this case for two reasons: (1) the Board decision finding Garrus to be a TPV was rescinded on January 22, 2020; and (2) in *Kazickas v. Pennsylvania Board of Probation & Parole*, 226 A.3d 109 (Pa. Cmwlth. 2020), this Court held that *Penjuke* does not apply when the conviction leading to a parolee's recommitment as a CPV occurred during the same parole period as the violation that led to his recommitment as a TPV.

In *Young v. Pennsylvania Board of Probation & Parole*, 225 A.3d 810 (Pa. 2020), the Board revoked the street time of a CPV, including the street time the Board had previously granted to the parolee in a prior CPV proceeding. The Pennsylvania Supreme Court held that, if the Board exercised its discretion to award street time credit, it could not revoke that credit in a subsequent revocation proceeding. Specifically, the *Young* Court held: "[T]he Prisons and Parole Code [(Parole Code)] does not authorize the Board to withdraw an award previously granted pursuant to Section 6138(a)(2.1) [of the Parole Code]." *Young*, 225 A.3d at 813-14. Similarly, the *Penjuke* Court addressed the issue of whether the Board could forfeit the street time of a CPV that was credited in a prior TPV proceeding. This Court held: "[T]he Board lacks the statutory authority to revoke street time credit previously granted to a parolee as a TPV when it subsequently recommits the parolee as a CPV." *Penjuke*, 203 A.3d at 420.

However, in both *Young* and *Penjuke*, two separate periods of street time credit were at issue. In *Kazickas*, this Court explained that the Board is precluded from **reaching back in time** to revoke a prior grant of street time. However, when the technical violation and the new charge occur **in the same parole period**, the Board

7

may make the technical violation recommitment subject to change if the parolee is later convicted of the new charge. *See id.*

Here, Garrus's street time for the TPV and street time for the CPV occurred in the same parole period. Further, when the Board recommitted Garrus as a TPV on January 14, 2019, the Board advised Garrus that he was detained pending disposition of his New Charges, and his automatic reparole was subject to the resolution of his pending New Charges. *See* C.R. at 64-65. The Board further advised Garrus that his May 13, 2020 Original Sentence maximum release date was subject to change if he was convicted of the New Charges. *See* C.R. at 66. Consequently, because Garrus's street time as a TPV involved the same parole period as his street time as a CPV, the Board was within its authority, upon Garrus's recommitment as a CPV, to revoke all of his street time. Moreover, as in *Kazickas*, the Board advised Garrus that his maximum sentence date was subject to change if he was deemed a CPV. Accordingly, the Board properly revoked Garrus's street time credit.

Next, Garrus claims that the Board erred by not calculating his custody time correctly. Specifically, Garrus contends that the Sentencing Court directed him to serve his New Sentence concurrently with his Original Sentence. The Board responds that, as a matter of law, a CPV must serve his New Sentence and original sentence consecutively. *See* Section 6138(a)(5) of the Parole Code, 61 Pa.C.S. § 6138(a)(5)(i).[7]

---

[7] Section 6138(a)(5) of the Parole Code provides:

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a[n SCI] and the new sentence imposed on the person is to be served in the [SCI].

Preliminarily, this Court notes that Garrus is raising this argument for the first time in his appeal to this Court. "Failure to raise an issue before the Board results in a waiver and precludes this Court's review." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 34 (Pa. Cmwlth. 2006). The Board recalculated Garrus's Original Sentence maximum release date following the Sentencing Court's September 4, 2019 order, several months after Garrus filed his multiple administrative appeals and supplementary filings with the Board. *See* C.R. at 105.

Moreover, Garrus was returned to custody on September 4, 2019, the date he was paroled from his New Sentence. Thus, in its September 19, 2019 decision, the Board recalculated Garrus's maximum sentence release date to November 30, 2022. *See* C.R. at 106-108; *see also* Section 6138(a)(5) of the Parole Code, 61 Pa.C.S. § 6138(a)(4). Garrus did not seek administrative review of the Board's September 19, 2019 decision.

Parolees desiring to appeal from a parole revocation decision must file an administrative appeal with the Board within 30 days. *See* Section 73.1(b)(1) of the Board's Regulations, 37 Pa. Code § 73.1(b)(1).[8] The failure to file an appeal within

---

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. § 6138(a)(5).

[8] Section 73.1(b)(1) of the Board's Regulations provides, in relevant part:

Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to the petition for administrative review.

37 Pa. Code § 73.1(b)(1).

the time required by law precludes a parolee's right to challenge the Board's decision. *Larkin v. Pa. Bd. of Prob. & Parole*, 555 A.2d 954, 957 (Pa. Cmwlth. 1989). Accordingly, Garrus's claim that the Board erroneously recalculated his custody time is not properly before the Court.[9]

Garrus's final claim is that the Board impermissibly altered his judicially imposed sentence when it recalculated his Original Sentence maximum release date. This claim also involves the Sentencing Court's September 4, 2019 order, and Garrus's claim that the Board improperly credited his Original Sentence in accordance with the time served on his new conviction. However, as addressed above, because Garrus did not appeal from this issue in his requests for administrative review, nor appeal from the Board's September 19, 2019 decision that recalculated his Original Sentence maximum release date upon his return to the Board's custody, that issue is not properly before the Court.[10]

## Conclusion

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[9] Notwithstanding, "pursuant to our precedent[,] any sentences for crimes committed on parole must be served consecutive to the original sentence. Thus, the Board did not err in not allowing [Garrus's] [N]ew [S]entence and [O]riginal [S]entence to run concurrently." *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 395 (Pa. Cmwlth. 2019).

[10] Notwithstanding, this Court notes that the Board is authorized to recalculate a parolee's sentence date to require completion of the original judicially-mandated sentence. *See Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117 (Pa. Cmwlth. 2018) (maximum length of sentence, not maximum date, is controlling).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nakia William Garrus,            :
               Petitioner      :
                           :
        v.                 :
                           :
Pennsylvania Board of Probation   :
and Parole,                   :    No. 198 C.D. 2020
            Respondent    :

## O R D E R

AND NOW, this 3rd day of February, 2021, the Pennsylvania Board of Probation and Parole's January 28, 2020 order is affirmed.

_____
ANNE E. COVEY, Judge