# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lonnie Spellman,                          :
                            Petitioner    :
                                          :
            v.                            :   No. 606 C.D. 2020
                                          :   Submitted:  April 9, 2021
Pennsylvania Parole Board,                :
                            Respondent    :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge


<u>**OPINION NOT REPORTED**</u>


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED:  July 19, 2021**


Lonnie Spellman petitions for review of the May 27, 2020 Order of the Pennsylvania Parole Board (Board) that dismissed as untimely his administrative appeal of the Board's February 28, 2014 action, which denied Spellman credit on his original sentence for the time he spent at liberty on parole at Coleman Hall, a community corrections facility.  Spellman is represented by appointed counsel, Kent D. Watkins, Esquire (Counsel), of the Schuylkill County Public Defender's Office.  Counsel has filed an Application to Withdraw as Counsel (Application to Withdraw) and a No-Merit Letter, which are based on his conclusion that Spellman's Petition for Review is without merit because Spellman's administrative appeal was untimely filed with the Board.  By order dated September 28, 2020, this Court granted the Board's motion to limit the issue on appeal to whether the Board properly dismissed

Spellman's appeal as untimely. For the following reasons, we deny Counsel's Application to Withdraw, vacate the Board's Order, and remand this matter.

By way of background, we begin with the Board's decision mailed on June 8, 2010.[1] (Certified Record (C.R.) at 1.) Therein, the Board recommitted Spellman to a state correctional institution (SCI) as a convicted parole violator (CPV) to serve 48 months' backtime for his convictions on several firearm offenses. At that time, Spellman's maximum sentence date was January 25, 2018. Next, by decision recorded on October 3, 2013, the Board denied Spellman parole based on, *inter alia*, his risk and needs assessment level, prior unsatisfactory parole history, and lack of remorse for the offenses he committed. (*Id.* at 2.) Finally, by decision mailed on February 28, 2014, the Board advised that it had held an evidentiary hearing pursuant to *Cox v. Pennsylvania Board of Probation and Parole*, 493 A.2d 680 (Pa. 1985), to determine whether the conditions at Coleman Hall were the functional equivalent of incarceration, thus entitling Spellman to credit for the time he spent on parole at Coleman Hall.[2] (C.R. at 3-4.) The Board found that Coleman Hall was not a secured facility and concluded that Spellman's liberty was, therefore, not sufficiently restricted to warrant granting credit on his original sentence. Accordingly, the Board denied Spellman credit for the time he spent at Coleman Hall. (*Id.* at 4.)

Spellman filed a pro se administrative remedies form, which the Board received on March 6, 2020. (*Id.* at 5.) He challenged the Board's February 28, 2014

---

[1] The Certified Record is nine pages in length. It contains three prior Board decisions, one administrative remedies form, and the Board's response to Spellman's administrative remedies form.

[2] On July 2, 2010, Spellman petitioned the Board for administrative review, claiming that he was entitled to credit on his original sentence for the time he spent on parole at Coleman Hall in 2007 and 2008. (C.R. at 3.) On September 30, 2010, the matter was remanded to the Board to hold an evidentiary hearing. (*Id.* at 3-4.) The evidentiary hearing was held on January 10, 2014. (*Id.* at 4.)

decision, which denied him credit for the time he spent at Coleman Hall.[3]   He claimed that at his evidentiary hearing regarding the time he spent on parole at Coleman Hall, he "made the statement of how [he] was given an [sic] sanction of a [6-month] half way [sic] back program, . . . [but was] in the half way [sic] house for 18 months.  According to recent case law, [he] should have been credited that 18 months to [his] back time [sic]." (*Id.*)

The Board responded to Spellman's request for administrative relief on May 27, 2020. (*Id.* at 7-8.)  The Board first noted that Spellman was contesting the Board's decisions issued on October 3, 2013, and February 28, 2014, involving, respectively, the denial of parole and the denial of credit for the time he spent on parole at Coleman Hall.  With regard to the October 3, 2013 decision, the Board advised that the denial of parole is not subject to administrative review under the Board's regulations.  The Board then observed, with respect to its February 28, 2014 decision, that all requests for administrative review must be received within 30 days of the mailing date of the Board's order, and here, Spellman's March 6, **2020** request for administrative relief was not made within 30 days of the Board's February 28, **2014** decision.    Accordingly,   the   Board   dismissed   Spellman's   request   for administrative relief as untimely.

---

[3] The administrative remedies form requires the parolee to challenge a decision by the date stamped on the "Green Sheet." (C.R. at 5.)  Spellman listed that date as October 11, 2013.  The Board advises that this refers to its decision recorded on October 3, 2013, denying Spellman parole. (Board Response to Administrative Remedies Form, C.R. at 7.)  The averments of Spellman's administrative remedies form, however, clearly relate to the Board's February 28, 2014 decision, denying him credit after the *Cox* hearing.  Further, in his Petition for Review to this Court, Spellman indicates that "he never contested the denial of parole . . . he does contest the denial of time credited." (Petition at 2, ¶ 7.)  We, therefore, refer only to the Board's February 28, 2014 decision as the one Spellman challenged before the Board.  We acknowledge, however, that the Board addressed both decisions in its response to Spellman's appeal.

3

On June 24, 2020, Spellman filed a pro se "Petition for Review/Writ of Mandamus" (Petition), which, by order dated August 3, 2020, this Court treated as a petition for review addressed to our appellate jurisdiction. *See* Section 763 of the Judicial Code, 42 Pa.C.S. § 763; Pennsylvania Rule of Appellate Procedure 1501, Pa.R.A.P. 1501. In his Petition, Spellman asserts that the Board erred in calculating his maximum sentence date by failing to credit him with the time he spent at liberty on parole at Coleman Hall. He contends that since the 2014 evidentiary hearing regarding Coleman Hall, he "has requested (as told to[] him by [the B]oard) a[] formal response of his ADMINISTRATIVE REVIEW/REMEDY *every year*, until finally it was granted May 27, 2020 . . . ." (Petition ¶ 5 (emphasis omitted and added).) He also asserts that he had a "conflict" with Counsel prior to the evidentiary hearing, but that he had "no other alternative" than to proceed with the evidentiary hearing with Counsel. (*Id.* ¶ 8.)

On December 10, 2020, Counsel filed the Application to Withdraw on the ground that the Petition lacks merit. In support, he also filed the No-Merit Letter, which he sent to Spellman along with the Application to Withdraw, detailing his review of the Certified Record and relevant law. After summarizing the available factual and procedural history of this matter, Counsel addressed the sole issue before the Court regarding the timeliness of Spellman's administrative appeal, as per our September 28, 2020 order, and determined that it is without merit. Specifically, Counsel explained that because Spellman sought to challenge the Board's February 28, 2014 decision and filed his request for administrative review of that decision on March 6, 2020, the Board properly dismissed the request as untimely. (No-Merit Letter at 1-2.) Counsel also briefly discussed Spellman's purported challenge to the Board's October 3, 2013 decision denying Spellman parole, concluding that it also

lacks merit due to the untimeliness of Spellman's March 6, 2020 request for administrative relief. (*Id.* at 2.) Thus, Counsel concluded that the Petition lacks merit.

Before appointed counsel may withdraw from representation in a case in which the right to counsel does not derive from the United States Constitution, such as here, the *Turner* or no-merit letter must contain: (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding that the petitioner's appeal is without merit. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). In addition, counsel must send the petitioner a copy of the no-merit letter, "a copy of counsel's petition to withdraw," and a statement advising the petitioner of his right to proceed with new counsel or pro se. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). Once counsel satisfies the procedural requirements of *Turner*, this Court will "conduct its own review of the merits of the case." *Id.*

Here, Counsel has not satisfied the procedural requirements of *Turner*. Counsel has explained the nature and extent of his review of the record, addressed the sole issue on appeal per our September 28, 2020 order, and provided an analysis of the issue and Counsel's reasons for concluding that it lacks merit.[4] However, Counsel has not addressed the claim asserted by Spellman in the Petition, *i.e.*, that he has filed an administrative appeal every year since 2014, and it was not until 2020 that the Board finally responded. As such, Counsel has not satisfied the procedural

---

[4] Counsel served copies of both the Application to Withdraw and the No-Merit Letter on Spellman, and by serving him with the Court's December 11, 2020 order, Counsel has informed Spellman that he may retain substitute counsel or file a brief on his own behalf. (No-Merit Letter at 3.)

5

requirement of *Turner*, 544 A.2d at 928, that he address the issues that Spellman wishes to raise.

Additionally, in response to the Application to Withdraw, Spellman has filed a brief on his own behalf, titled "Petitioners [sic] Response to Respondents [sic] Brief of Timeliness and Motion to Limit the Issues" (brief or response), challenging the dismissal of his administrative appeal as untimely. In his brief, Spellman asserts that Counsel represented him at the January 10, 2014 evidentiary hearing that addressed credit for time Spellman spent on parole at Coleman Hall. He claims that when the Board issued its February 28, 2014 decision, he waited for Counsel to file an administrative appeal of that decision. When Counsel failed to do so, Spellman alleges that he took it upon himself and "filed an administrative relief form on March 6, 2014[,] and a reconsideration administrative form . . . ." (Spellman's Brief (Br.) at 1.) For support, Spellman attaches to his brief an undated administrative remedies form and handwritten pages purportedly attached to the administrative remedies form. (*Id.*, Ex. A.) Although Spellman claims he filed the administrative remedies form on March 6, 2014, the handwritten pages attached thereto bear the date of March 14, 2014. (*Id.*) Therein, he claimed that the Board abused its discretion by failing to halt the evidentiary hearing in order for him to get a copy of the "sign-out log" from Coleman Hall as proof that he was "confined to the grounds." (*Id.*) Further, he faulted Counsel for not requesting the log. (*Id.*)

Spellman further claims that the Board filed a response to his March 2014 request on April 18, 2014, which he attaches to his brief as Exhibit B, and which, he claims, shows that the Board "convoluted the time frames of the appeals." (Spellman's Br. at 1, Ex. B (Board's April 18, 2014 Decision).) Therein, the Board stated that it was responding to the "'Administrative Appeal / Reconsideration'

6

received from [Spellman] on October 11, 2013, which seeks relief from the [B]oard action recorded October 3, 2013." (*Id.*, Ex. B at 1.) Because that decision denied Spellman parole, the Board advised that it was not appealable. The Board then added, "[a]s for your hearing inquiry on credit, the Board conducted an evidentiary hearing for this matter on January 10, 2014[,] and a decision was mailed to you on February 28, 2014. Thus, you have already received the requested hearing and decision on that matter." (*Id.*)

Spellman argues that Exhibit A establishes that his administrative appeal of the Board's February 28, 2014 decision was timely, but that the Board never formally responded to his appeal. Further, he asserts that Counsel abandoned him during the administrative appeal process, and also abandoned him before this Court by failing to file any response to the Board's motion to limit the issue to timeliness.

The Board has also filed a brief in this matter, in which it responds that Spellman's administrative appeal was properly dismissed as untimely. It explains that administrative appeals must be filed within 30 days of the mailing date of any decision, and that here, the Board's decision denying him credit for the time he spent at Coleman Hall was mailed on February 28, 2014, but Spellman's appeal was not filed until March 6, 2020. According to the Board, the appeal is unquestionably untimely.

The Board acknowledges that the 30-day appeal period may be extended in extraordinary circumstances. It contends, however, that Spellman's only reason for not meeting the deadline is that he was waiting for Counsel to file the administrative appeal, which does not justify his over six-year delay in filing an appeal. The Board claims that it "thoroughly track[s]" all correspondence to ensure that it is answered,

7

but, here, it has no record of ever receiving the correspondence Spellman attached to his brief as Exhibit A. (Board Br. at 13.)

The Board's regulations provide that administrative appeals and petitions for administrative review of a Board decision relating to parole revocation must be received within 30 days of the mailing date of the Board's order. 37 Pa. Code § 73.1(a)(1), (b)(1); *see also* Section 6113(d)(1) of the Prisons and Parole Code, 61 Pa.C.S. § 6113(d)(1); *Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). Further, second or subsequent appeals or petitions for administrative review and those that are out of time under these rules will not be received. 37 Pa. Code § 73.1(a)(4), (b)(3). The 30-day period for an appeal of a revocation decision is jurisdictional and cannot be extended absent exceptional circumstances that warrant *nunc pro tunc* relief. *Smith*, 81 A.3d at 1094. These include a showing of fraud, a breakdown of the administrative process, non-negligent circumstances affecting the petitioner, or the intervening negligence of the petitioner's appointed counsel, which deprives the petitioner of effective assistance of counsel. *Id.* The party seeking relief has the burden of demonstrating that it meets the requirements for *nunc pro tunc* relief. *Robinson v. Pa. Bd. of Prob. & Parole*, 582 A.2d 857, 860 (Pa. 1990).

In his March 6, 2020 request for administrative relief, Spellman challenged the Board's February 28, 2014 decision, following an evidentiary hearing, to deny him credit on his maximum sentence date for the time he spent at Coleman Hall while on parole. As described above, Spellman filed his request for administrative relief on March 6, **2020**, more than six years after the Board mailed its decision on February 28, **2014**, and well beyond the 30-day deadline set forth in the Board's regulations. In his Petition, however, Spellman now claims that he filed an

8

administrative appeal every year since 2014, but the Board did not respond until 2020. Further, in his response, Spellman attempts to introduce a copy of a 2014 administrative appeal that he claims the Board ignored. These facts, if true, may constitute a breakdown in the administrative process, thus entitling Spellman to *nunc pro tunc* relief.

Spellman further contends that the delay in filing the appeal occurred because he expected it to be filed by Counsel, but Counsel failed to do so. In that regard, we note that a parolee's "right to effective assistance of counsel includes the right to assistance in the task of perfecting an appeal from a denial of administrative relief by the Board[,]" but a petitioner's failure "to take an appeal within the time allowed by law will preclude the assertion of such right unless the failure to do so has resulted from an unconstitutional deprivation of assistance of counsel." *Larkin v. Pa. Bd. of Prob. & Parole*, 555 A.2d 954, 956-57 (Pa. Cmwlth. 1989); *see also Nabried v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 442 C.D. 2019, filed Aug. 26, 2020), slip op. at 12-13 n.12.[5] Where it is shown that a petitioner requested counsel to file an appeal, but counsel failed to do so, "the failure to do so may have constituted ineffective assistance of counsel" warranting *nunc pro tunc* relief. *Larkin*, 555 A.2d at 957. "Moreover, waiver of the ineffectiveness issue may not be imputed where hearing counsel and administrative appellate counsel are one and the same."[6] *Id.*

Here, the Certified Record submitted by the Board is nine pages in length, and our review thereof reveals that the exhibits Spellman has attached to his brief are not

---

[5] *Nabried*, an unreported opinion of this Court, is cited for its persuasive value in accordance with Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[6] Here, Spellman asserts that his current Counsel represented him at the January 10, 2014 evidentiary hearing and was supposed to represent him in the administrative appeal. (*See* Petition ¶ 8.)

9

contained therein, leaving us with nothing to consider except Spellman's bare factual allegations, which, if true, may warrant *nunc pro tunc* relief. "If a record has not been sufficiently developed as to allow complete appellate review, a remand is appropriate." *Smith*, 81 A.3d at 1095. Based on the facts Spellman does allege, we are left with several questions unanswered. For example, it is not possible for this Court to determine, on this record, whether Spellman's claim that he filed other appeals has merit or whether the document he claims to have filed in 2014 can be authenticated in support of his claim. Similarly, Spellman's ineffective assistance of counsel claim has not been addressed by Counsel, or the Board, and, as noted above, the Certified Record is insufficient to resolve the issue. These deficiencies in the record render it impossible for this Court to determine whether Spellman's claims have arguable merit. We must, therefore, vacate the Board's decision and remand this matter for the Board to hold an evidentiary hearing to determine whether Spellman's claim that he filed appeals every year since 2014 has merit, and whether he was denied the effective assistance of counsel on the basis of Counsel's purported failure to file a timely appeal from the Board's February 28, 2014 order. *See Larkin*, 555 A.2d at 957-58.

Accordingly, because Counsel has not complied with the technical requirements for withdrawal, we deny Counsel's Application to Withdraw. Moreover, because Spellman has presented two issues that could warrant excusing his delay in filing an administrative appeal of the Board's February 28, 2014 decision, we vacate the Board's order and remand this matter for the Board to conduct an evidentiary hearing to determine: (1) whether Spellman did file yearly appeals to the Board from 2014 through 2020; (2) whether he was deprived of the effective assistance of counsel; and (3) whether either of his claims, if true, warrant

10

*nunc pro tunc* relief, such that the Board must accept the untimely appeal and consider it on its merits.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lonnie Spellman,                 :
            Petitioner     :
                       :
       v.                :   No. 606 C.D. 2020
                       :
Pennsylvania Parole Board,    :
            Respondent   :

# O R D E R

**NOW**, July 19, 2021, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esquire is hereby **DENIED,** the May 27, 2020 Order of the Pennsylvania Parole Board is **VACATED**, and this matter is **REMANDED** for the Board to conduct an evidentiary hearing in accordance with the foregoing opinion.

Jurisdiction relinquished.

 

                              _____
                              **RENÉE COHN JUBELIRER,** Judge