IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Isahia Dawson,                              :
                    Petitioner              :
                                            :
        v.                                  :    No.  838 C.D. 2023
                                            :
Pennsylvania Parole Board,                  :    Submitted: July 5, 2024
                    Respondent              :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                         FILED: August 21, 2024


        Isahia Dawson (Petitioner) petitions for review of the June 26, 2023
(mailed June 27, 2023) decision and order of the Pennsylvania Parole Board (Board)
dismissing his request for administrative relief as untimely.  Petitioner is represented
by appointed counsel Kent D. Watkins, Esquire (Counsel), who has filed an
Application to Withdraw as Counsel (Application to Withdraw) and a No-Merit Letter
pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), based on his
conclusion that the issue Petitioner wishes to raise on appeal is without merit.  Upon
review, we grant Counsel's Application to Withdraw and affirm the Board's June 26,
2023 order.

## Background

The relevant facts and procedural history of this case are as follows. Petitioner pled guilty to one count of rape[1] and on April 4, 2012, the Delaware County Court of Common Pleas sentenced him to an aggregate term of 6 to 18 years' incarceration, with minimum and maximum parole dates of September 30, 2016, and September 30, 2028, respectively. Petitioner was released on parole on January 13, 2021, and he moved into a halfway house in Scranton. (Certified Record (C.R.) at 36.)

Petitioner was arrested in Lackawanna County in June of 2021 after he absconded from supervision. He entered a guilty plea on January 3, 2023, to a charge of failing to comply with registration requirements for sexual offenders pursuant to Section 4915.1(a)(1) of the Crimes Code. *See* 18 Pa.C.S. § 4915.1(a)(1).[2] The Lackawanna County Court of Common Pleas sentenced him to serve a term of 21 to 60 months of incarceration. (C.R. at 75.)

The Board held a parole revocation hearing on February 24, 2023, at which Petitioner was represented by current Counsel, who indicated that Petitioner acknowledged the new conviction. (C.R. at 45.) By Notice of Decision mailed April 11, 2023, the Board revoked Petitioner's parole and recommitted him as a convicted parole violator (CPV) with a recomputed parole violation maximum date of September

---

[1] 18 Pa.C.S. § 3121.

[2] This section provides:

> **(a) Offense defined**.--An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to [sexual offenders]) commits an offense if he knowingly fails to:
>
> (1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police)[.]

18 Pa.C.S. § 4915.1.(a)(1).

21, 2030 (April 11, 2023 Decision). (C.R. at 81-82.) The Board's Order to Recommit reflects that in calculating Petitioner's new maximum parole date, it credited Petitioner with 83 days of time served. (C.R. at 79.) The April 11, 2023 Decision specifically advised Petitioner:

> IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS (30) OF THE MAILING DATE OF THIS DECISION. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASES FOR THE ALLEGATIONS. YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.

(C.R. at 82.)

Approximately 70 days after the April 11, 2023 Decision was mailed, on June 20, 2023, the Board received a *pro se* application for administrative relief from Petitioner postmarked June 13, 2023, asserting that the Board erred in recalculating his maximum date by failing to credit his original sentence with appropriate credit for time served (Administrative Appeal). (C.R. at 83-85.)[3] In the Administrative Appeal, Petitioner referenced his Lackawanna County sentence of 21 to 60 months' incarceration and he attached a March 29, 2023 letter from his attorney in that case, Sandra M. Stephkovitch, Esq., stating her "understanding that [Petitioner] will receive credit toward the offense **for which you were sentenced yesterday** from August 2021 to the present, which is approximately 19 months." (C.R. at 84) (emphasis added).

By letter dated June 26, 2023 (mailed June 27, 2023), the Board dismissed the Administrative Appeal as untimely. In doing so, the Board explained: "The record reveals that you failed to file your petition for administrative review [from the April

---

[3] There is no indication in the record that Petitioner asked current Counsel to file an appeal and it appears that he elected to act *pro se*.

11, 2023 Decision] within the established 30-day time frame set forth in the Board's regulation. 37 Pa. Code § 73.1. Your request for relief therefore cannot be accepted and it is hereby DISMISSED as untimely." (C.R. at 86.)

On July 27, 2023, Petitioner filed a *pro se* Petition for Review (PFR) with this Court contesting the Board's April 11, 2023, recalculation of his maximum date and its dismissal of his Administrative Appeal as untimely.[4] Petitioner also suggests that this Court should deem his Administrative Appeal timely under the circumstances. Specifically, he places the blame for his untimely Administrative Appeal upon his former counsel from Lackawanna County (not current Counsel), asserting that "PETITIONER DID NOT FILE A ADMINISTRATIVE APPEAL FOR THE PAROLE BOARD BECAUSE PETITIONER WAS NOTIFIED BY COUNSEL THAT HE WAS CREDIT [SIC] 19 MONTHS." (PFR, at 1.)

On August 4, 2023, the Board filed a motion to quash the PFR as untimely because: "It is not contested that the Petitioner did not file his petition from the Board's decision mailed April 11, 2023 until June 13, 2023 (received June 20, 2023) and that this exceeds the thirty (30) days in which Petitioner had to file a timely appeal under 37 Pa. Code Sec. 73." (Motion to Quash, ¶ 6.) Alternatively, the Board has asked this Court to limit the issue before us to a determination of whether the Board properly dismissed Petitioner's Administrative Appeal as untimely. On October 3, 2023, this Court entered a *per curiam* order denying the Board's motion to quash but granting its request to limit the issue. (Order, 10/03/23.)

### Application to Withdraw

On October 12, 2023, Counsel filed the Application to Withdraw and a No-Merit Letter. Before appointed counsel may withdraw from representation in this

---

[4] Counsel was appointed to represent Petitioner after he filed the PFR.

4

context, he must file a no-merit letter detailing the nature and extent of his review, the issues the petitioner wishes to raise, and his reasons for concluding that the appeal lacks merit. *Hughes v. Pennsylvania Board of Probation & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). Counsel is also required to send the petitioner a copy of the no-merit letter and petition to withdraw, along with a statement advising him of his right to proceed with new counsel or *pro se*. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). Once counsel satisfies these procedural requirements, we will conduct an independent review of the merits of the case. *Id.*

Here, Counsel has complied with the service requirements by sending Petitioner a copy of the No-Merit Letter and the Application to Withdraw, and Counsel also has advised Petitioner that he may obtain alternate counsel or raise any points in support of his PFR *pro se*. Further, Counsel's No-Merit Letter complies with *Turner*'s requirements in that it describes his review of the certified record and relevant law, summarizes the factual and procedural history of this case, addresses the issue raised in the PFR, and explains his reasons for concluding it lacks merit. With respect to Petitioner's Administrative Appeal, Counsel indicated that it was filed well after the appeal period ran and was therefore patently untimely. (*See Turner* Letter, 10/12/23, at 2.) Therefore, because Counsel has satisfied his duties pursuant to *Turner*, we will conduct an independent review to determine the sole issue on appeal as set forth in our October 3, 2023 Order – whether the Board properly dismissed Petitioner's Administrative Appeal as untimely.[5]

---

[5] This Court entered a *per curiam* order on October 18, 2023, advising Petitioner of Counsel's Application to Withdraw and of his right to obtain counsel at his own expense to file a brief or file a *pro se* brief on his own behalf within 30 days of service of the order. Petitioner did not file a response.

## Timeliness of the Administrative Appeal

In his PFR, Petitioner contends that the Board abused its discretion in recalculating his parole violation maximum date by failing to award him appropriate credit for time served in its April 11, 2023 Decision. According to Petitioner, he was prevented from filing a timely Administrative Appeal from the April 11, 2023 Decision ostensibly because his former counsel from Lackawanna County provided him with incorrect information **in March of 2023**, regarding the amount of credit to which he was entitled for time served. (PFR, at 1-2.)

A parolee must appeal a revocation decision within thirty days of the Board's order or the appeal will be dismissed as untimely. Section 6113(d) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6113(d); 37 Pa. Code § 73.1(b)(1); *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993). This time period is jurisdictional and cannot be extended absent a showing of fraud or a breakdown of the administrative process. *Moore v. Pennsylvania Board of Probation and Parole*, 503 A.2d 1099, 1101 (Pa. Cmwlth. 1986). A delay in filing an appeal that is not attributable to the parolee, such as the intervening negligence of a third party or a breakdown in the administrative process, may be sufficient to warrant *nunc pro tunc* relief. *Larkin v. Pennsylvania Board of Probation and Parole*, 555 A.2d 954, 957-58 (Pa. Cmwlth. 1989).

Here, the Board's April 11, 2023 Decision specified that Petitioner had 30 days from the mailing date of the Decision (*i.e.*, until May 11, 2023) to timely appeal it. (C.R. at 81-82.) The record reflects that Petitioner did not file his Administrative Appeal until June 13, 2023 (received June 20, 2023), which was more than one month after it was due. (C.R. at 83-85.) From what we are able to glean from the PFR, Petitioner appears to blame the untimeliness of his Administrative Appeal on his

6

former attorney from Lackawanna County, arguing that the attorney gave him incorrect information as to the amount of sentence credit he was allegedly due after his recommitment as a CPV. However, Petitioner does not cite to any case law in support of his claim, and he fails to offer any explanation whatsoever as to (1) why the information was incorrect; or (2) **how** this alleged misinformation **affected** his ability to file a timely appeal from the April 11, 2023 Decision. Without any sort of explanation of the nexus between the alleged incorrect sentence credit information and his ability to file a timely appeal, we are at a complete loss as to understand how there was a breakdown in the administrative process or intervening negligence of a third party which excused Petitioner's untimely Administrative Appeal.

Based on the foregoing, we are constrained to conclude that because Petitioner did not file his appeal within 30 days after the Board mailed its April 11, 2023 Decision, the Administrative Appeal was untimely. Therefore, the Board lacked jurisdiction over the matter and properly dismissed it as untimely. Accordingly, we grant Counsel's Application to Withdraw and affirm the Board's order.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Isahia Dawson,                          :
                  Petitioner           :
                              :
     v.                              :     No.  838 C.D. 2023
                              :
Pennsylvania Parole Board,               :
                Respondent          :

## *ORDER*

AND NOW, this 21st day of  August, 2024, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esq. is GRANTED, and the Pennsylvania Parole Board's June 26, 2023 Order is AFFIRMED.

                             _____

                             PATRICIA A. McCULLOUGH, Judge